### 11553.    SCARSBROOK *v.* COHEN.

SMITH, J.    1.  "Landlords shall have a special lien for rent on crops made on land rented from them, superior to all other liens except liens for taxes, to which they shall be inferior, and shall also have a general lien on the property of the debtor, liable to levy and sale, and such general lien shall date from the time of the levy of a distress warrant to enforce the same."    Civil Code (1910), § 3340.

2.  "When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated.    If he fails to do so, the creditor has

the right to appropriate at his election. If neither exercises this privilege, the law will direct the application in such manner as is reasonable and equitable, both as to parties and third persons. As a general rule, the oldest lien and the oldest item in an account will be first paid, the presumption of law being that such would be the fair intention of the parties." Civil Code (1910), § 4316.

3. The court did not err in failing and refusing to instruct the jury as set out in the 1st, 2d and 3d special grounds of the motion for a new trial. The language set out in these three grounds does not contain a correct statement of law as applied to the issues in this case, and, in addition to this, no appropriate written request for such instructions was made by the defendant.

4. The excerpt from the charge of the court excepted to in the 4th special ground of the motion for a new trial was not error when taken in connection with the entire charge. The charge of the court taken in its entirety fairly and fully submitted to the jury all the substantial issues in the case.

5. Though the evidence was conflicting, there was evidence to support the verdict, and the court did not err in overruling the motion for a new trial. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 13, 1920.

Money rule; from Morgan superior court — Judge Park. April 3, 1920.

Hunter Scarsbrook and Louis Cohen contested for priority in the distribution of a fund in the hands of the sheriff arising from the sale of cotton of Cohen's tenant Dave Thomas under a distress warrant in favor of Cohen, Scarsbrook contending that his lien as a laborer in the making of the crop of cotton was entitled to priority. The verdict was in favor of Cohen. Scarsbrook's motion for a new trial was overruled, and he excepted. The special grounds of the motion were as follows:

1. The court erred in failing to charge the jury as follows: "I charge you that if there had been sufficient cotton delivered to Louis Cohen by Hunter Scarsbrook to pay off the rent on the lands worked by him, and to pay the amount of supplies furnished by said Cohen to said Hunter Scarsbrook, and that sufficient cotton had been delivered off the place to have paid the entire rent, that as to Hunter Scarsbrook it would be a satisfaction of the rent claim of Cohen as to the crops worked on halves by Scarsbrook."

2. The court erred in failing to charge as follows: "As to Hunter Scarsbrook, Cohen was obliged to make the application of the cotton delivered to him so as to pay off this superior lien for rent, and could not apply it to an inferior lien to the hurt of a

cropper who worked on halves on said land, and appropriate the crop of Hunter Scarsbrook to the payment of the debt of Dave Thomas, if you believe that Louis Cohen knew, or had notice to put him on inquiry, as to how the said Hunter Scarsbrook was working with Dave Thomas."

3. The court erred in not charging as follows: "If Louis Cohen knew that Hunter Scarsbrook was working for Dave Thomas on halves, and the crop produced by said Scarsbrook was delivered to said Cohen in a sufficient amount to pay off the debts of said Scarsbrook to Cohen, and a sufficient amount to pay the rent on the land worked by Scarsbrook, then and in that event I charge you that the half of the crop of Scarsbrook raised on the premises of Cohen would be discharged from any lien in favor of Cohen. And it would be your duty to find in favor of the lien of Hunter Scarsbrook."

4. The court erred in charging the jury as follows: "I charge you in so far as the superiority of the landlord's lien for rent upon the crops raised upon the rented premises, the landlord's lien for rent would be superior to the laborer's lien. And in the event you find this lien claimed by Mr. Cohen for the rent of said lands for the year 1918 has not been paid off, under the principles of law as will be given you in charge by the court, your verdict should be in favor of awarding the amount of money now in controversy in the hands of the sheriff to Mrs. Cohen, if you reach the conclusion that the amount of money in his hands is not sufficient to pay the balance of the rent due;" without further charging the jury in connection therewith, "that if Louis Cohen had received sufficient rent from the land of his worked on halves by Hunter Scarsbrook with Dave Thomas, and to pay Hunter Scarsbrook's account, and there was sufficient crop to discharge the rent on the whole place, other than the half of the crop claimed by Hunter Scarsbrook, then and in that event they should find in favor of Hunter Scarsbrook the amount of money in the hands of the sheriff, the proceeds of the crops to Scarsbrook, or the half of the said crop worked by Scarsbrook."

*M. C. Few,* for plaintiff in error. *E. H. George,* contra.